IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| George W. Lewis, | ) | |
| Petitioner, | ) ) | Case No. 8:10-1501-RMG-JDA |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Facility Respondent Mary Mitchell | ) ) | **OF MAGISTRATE JUDGE** |
| Respondent, | ) | |

Petitioner, a federal prisoner proceeding *pro se*, seeks relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on Respondent's motion to dismiss. [Doc 21.]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this habeas action on June 14, 2010. [Doc 1.] On September 21, 2010, Respondent moved to dismiss. [Doc. 21.] By order filed September 23, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised of the dismissal/summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. [Doc. 22.] Petitioner failed to file a response to Respondent's motion to dismiss.

## BACKGROUND

On September 1, 2004, Petitioner was arrested by the Birmingham, Alabama Police Department for possession of a controlled substance and failure to affix stamp. [Doc. 1 at

1; Doc. 21-1 ¶ 5.] On September 5, 2004, Petitioner was released on bond. [*Id.*] On September 14, 2004, during a routine traffic stop, Petitioner was found to have loaded weapons in his possession by the Birmingham Police Department. [Doc. 21-1 ¶ 7.] No arrest was made at this time; however, this incident led to Petitioner's federal offense. [*Id.*] On October 28, 2004, Petitioner was arrested by the Birmingham Police Department for failure to appear and subsequently released on bond on November 1, 2004. [Doc. 21-1 ¶ 6.] Petitioner was again arrested by the Birmingham Police Department for failure to appear on December 24, 2004, and again released on bond on December 30, 2004. [Doc. 21-1 ¶ 8.] On February 9, 2005, Petitioner was again arrested by the Birmingham Police Department for failure to appear. [Doc. 1 at 1; Doc. 21-1 ¶ 9.] Following this arrest, he remained in state custody in the Jefferson County, Alabama jail. [Doc. 1 at 1; Doc. 21-1 ¶ 9.]

On March 30, 2005, the United States District Court for the Northern District of Alabama handed down an indictment charging Petitioner with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). [Doc. 21-1 ¶ 10.] On April 14, 2005, Petitioner was borrowed from the Jefferson County jail by the United States Marshals' Service via a federal writ of *habeas corpus ad prosequendum* for disposition of the federal charges. [Doc. 21-1 ¶ 11.] On September 14, 2005, Petitioner was sentenced to a 55-month term of imprisonment by the United States District Court for the Northern District of Alabama. [Doc. 1 at 2, 3; Doc. 21-1 ¶ 12.] The district court was silent as to how the federal sentence was to run with any yet-to-be-imposed state sentence. [Doc. 1 at 2; Doc. 21-1 ¶ 12.] Petitioner was returned to state custody on September 30, 2005, because the federal writ of habeas corpus had been satisfied. [Doc. 21-1 ¶ 12.]

On October 5, 2005, Petitioner was sentenced to a 15-year split sentence, with two years to be served in confinement, by the Jefferson County Circuit Court. [Doc. 1 at 3, 5; Doc. 21-1 ¶ 13.] Petitioner began serving that sentence on November 8, 2005. [Doc. 21-1 ¶ 13.] On June 29, 2007, Petitioner was released from state custody into the custody of the United States Marshals' Service for service of his federal sentence. [Doc. 21-1 ¶ 14.]

At the time of his petition, Petitioner was incarcerated at the Federal Correctional Institution (FCI) Edgefield, South Carolina. [Doc. 1 at 1.] Petitioner was awarded 164 days prior custody credit (consisting of the time period from April 19, 2005, through September 29, 2005). [Doc. 21-1 ¶ 15.] Petitioner was also eligible to earn a total of 215 days Good Conduct Time resulting in a projected release date of January 14, 2011. [Doc. 21-1 ¶ 15.]

Petitioner complains that the state judge ran his "state sentence concurrent to the Federal sentence already in place" and that the federal officials were required under principles of comity to "acknowle[]dge and give effect to the concurrent sentence" imposed upon him. [Doc. 1 at 2-3.] Petitioner, citing to *United States v. Dowdle*, 217 F.3d 610, 611 (8th Cir. 2000), also argues that the "first arresting sovereign in this case[,] Jefferson County Ala[]bama[,] effectively wa[i]ve[d] it[s] physical custody of Petitioner." [Doc. 1 at 2.]

Respondent has conceded that Petitioner properly exhausted his administrative remedies available through the Bureau of Prisons ("BOP") prior to filing this action. [Doc 21 at 3.] Respondent maintains that Petitioner's sentence was properly calculated.

## APPLICABLE LAW

**Liberal Construction of *Pro Se* Complaint**

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint may still be subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motion to Dismiss and Motion for Summary Judgment Standards**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). If on a motion pursuant to Rule 12(b)(6), matters outside the pleadings are presented to and not

excluded by the court, the motion shall be treated as one for summary judgment under Rule 56.  *See* Fed.R.Civ.P. 12(d).

Rule 56(c) of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(e).  Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) he is entitled to judgment as a matter of law.  As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant.  *Id*. at 257.  When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party.  *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings.  Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue.  *Id*. at 324.  Under this

standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir.1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

Because Respondent, in her motion, presented to the court matters outside the pleadings, which the court did not exclude, Respondent's motion to dismiss for failure to state a claim shall be treated as one for summary judgment.

## **DISCUSSION**

The execution of sentences and the computation of jail time is an administrative function under the authority of the Attorney General, who has delegated this task to the BOP, including the responsibility for computing time credits and determining a sentence

6

termination date once a defendant actually commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992). In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence. *Pettey v. Sherman,* No. 05-131, 2006 WL 1878327, at *2 (W.D. Pa. July 6, 2006).

**Petitioner's Federal Sentence Commencement**

When considering the first matter, when the federal sentence commences, the statutory provision that pertains to the commencement of a federal sentence states:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). The statute that governs the manner in which multiple sentences of imprisonment may be imposed is 18 U.S.C. § 3584, which provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

18 U.S.C. § 1834(a). The BOP has promulgated a Program Statement which provides guidance in the application of this statute. [Doc. 21-1 at 19, Program Statement 5880.28.]

This Program Statement addresses the scenario when a federal court imposes a sentence on a prisoner who also faces another not-yet-imposed term of imprisonment and provides:

> If the federal sentence is silent, or ordered to run consecutively to the non-existent term of imprisonment, then the federal sentence shall not be placed into operation until the U.S. Marshals' Service or the Bureau of Prisons gains exclusive custody of the prisoner.

Program Statement 5880.28, at 1-32A.

The Court finds that Petitioner's federal sentence commenced on June 29, 2007. Prior to June 29, 2007, Petitioner was in state custody, including when his federal sentence was imposed. Petitioner's federal sentence was silent with respect to the yet-to-be imposed state sentence and, therefore, his federal sentence could not be placed into operation until the United States Marshal's Service and/or the BOP gained exclusive control of him on June 29, 2007. *See* Program Statement 5880.28, at 1-32A.

Petitioner argues that because the state judge "ran his sentence concurrent to the federal sentence already in place," the state effectively waived its physical custody of Petitioner, requiring his federal sentence to begin at the time his state sentence began. [Doc. 1.] Because that did not happen, Petitioner claims he served more time than was required. [*Id.*] Petitioner's argument that his state sentence was required to run concurrently with his federal sentence fails for a number of reasons.

Petitioner cites *United States v. Dowdle*, 217 F.3d 610 (8th Cir. 2000), in support of his argument; however, *Dowdle* actually holds the opposite. According to *Dowdle*, as the sovereign that first arrested Petitioner, "the state had primary jurisdiction which it could 'elect under the doctrine of comity to relinquish [ ] to [the United States],' but the 'discretionary election is an executive, and not a judicial, function.'" *Dowdle*, 217 F.3d at

611 (quoting *United States v. Warren*, 610 F.2d 680, 685 (9th Cir.1980)) (alterations in original). The state's jurisdiction must be relinquished by the prosecutor or a representative of the state executive branch, otherwise the relinquishment would be ineffective. *Id.* Accordingly, the state sentencing judge who sentenced Petitioner did not waive, and indeed could not waive, any right to maintain primary custody over Petitioner merely by stating that his sentence would run concurrently with the federal sentence.

Furthermore, pursuant to the Supremacy Clause, neither the federal court nor the BOP is required to effectuate a provision of a state court judgment that a state sentence should run concurrently to a previously-imposed federal judgment. *See Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3d Cir. 1990) ("[N]either the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."); *accord Trowell v. Beeler*, 135 Fed.Appx. 590, 593-94 (4th Cir. 2005). Additionally, the federal sentencing judge had no reason to order the federal sentence to run concurrently or consecutively to the state sentence because at the time of Petitioner's federal sentencing, the state sentence had not been entered. *See Luther v. Vanyur*, 14 F. Supp. 2d 773 (E.D.N.C.1997) (stating, "[a] federal court would have no reason to order a federal sentence to run concurrently or consecutively unless the imposition of the federal sentence is subsequent to the imposition of the state sentence"). Accordingly, the Court finds no basis for Petitioner's claim that the state waived its right to maintain primary custody of Petitioner or that the state and federal sentences were required to run concurrently. Petitioner was placed into the exclusive custody of the United States

Marshal's Service and/or the BOP on June 29, 2007; accordingly, his federal sentence commenced on June 29, 2007.

**Petitioner's Prior Custody Credit**

When considering the second matter, to what extent the defendant can receive credit for time spent in custody prior to commencement of sentence, the statutory provision that pertains to the commencement of a federal sentence states:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Petitioner claims he is not being credited for time served between September 14, 2005, and June 29, 2007. [Doc. 1.] This Court disagrees. Under 18 U.S.C. § 3585(b), the BOP is prohibited from applying any prior custody credit toward a federal sentence that has already been applied to a state sentence. Consequently, under 18 U.S.C. § 3585(b), prior custody credit cannot be granted if the prisoner already received credit toward another sentence. *See United States v. Brown*, 977 F.2d 574 (4th Cir. 1992).

Petitioner received credit on his state sentence from the Alabama Department of Corrections for all time he was held in pre-trial detention after the date of his federal offense except for the period from April 19, 2005, through September 29, 2005. [Doc 21-1 ¶ 22.] Accordingly, the BOP credited Petitioner only for this period of time. [Doc 21-1 ¶

22.] Petitioner has received all of the prior custody credit toward his federal sentence that he is lawfully entitled to, and his federal sentence has been computed correctly in accordance with all applicable statutes and law.

## CONCLUSION AND RECOMMENDATION

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion be GRANTED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

February 23, 2011
Greenville, South Carolina