IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George W. Lewis, ) | |
| Petitioner, ) | Case No. 8:10-cv-1501-RMG-JDA |
| v. ) | **ORDER** |
| Facility Respondent Mary Mitchell, ) | |
| Respondent. ) | |

This is a *pro se* Petition seeking relief pursuant to 42 U.S.C. § 2241. As a result, this case was automatically referred to the United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C. The Magistrate Judge has issued a Report and Recommendation that Respondent's motion for summary judgment should be granted. (Dkt. No. 35). The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has not filed objections to the R&R. As explained herein, this Court agrees with the Report and Recommendation and grants Respondent's motion to dismiss.

## LAW/ANALYSIS

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the

magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

This Court, after reviewing the Report and Recommendation for any clear errors of law and finding none, agrees with the conclusions of the Magistrate Judge. Petitioner first alleges that his state sentence was required to run concurrently with his federal sentence and that federal officials were required to "acknowlegdge [sic] and give effect to the concurrent sentence" he received. (Dkt. No. 1 at 2-3). Petitioner further argues that "the first arresting sovereign in this case[,] Jefferson County Alambama [sic] effectively wave [sic] it [sic] physical custody of Petitioner."(Dkt. No. 1 at 2). This Court disagrees. It is well settled that the Bureau of Prisons ("BOP") has the authority to execute sentences and compute jail time, which includes the responsibility for computing time credits and determining a sentence termination date once a defendant actually commences serving his sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992); 28 C.F.R. § 0.96. Further, 18 U.S.C. § 3585(a) addresses when a federal sentence commences and states: "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to . . . the official detention facility at which the sentence is to be served." 18 U.S.C § 3584(a) pertains to the manner in which multiple sentences of imprisonment may be imposed and states: "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." BOP provides guidance for application of the statutes cited above in Program Statement 5880.28 which states: "If the federal sentence is silent, . . .then the federal

sentence shall not be placed into operation until the U.S. Marshals' Services or the Bureau of Prisons gains exclusive custody of the prisoner."

In this case, the United States Marshal's Service and/or the BOP did not gain exclusive control of Petitioner until June 29, 2007, thus his federal sentence was not in operation until that time. Petitioner's argument that his state sentence was required to run concurrently with his federal sentence fails for a number of reasons. Hence, the sovereign that first arrested Petitioner has the primary jurisdiction and can elect to relinquish such jurisdiction, but this can only be done as an executive function performed by the prosecutor or a representative of the state executive branch. *United States v. Dowdle*, 217 F.3d at 611 quoting *United States v. Warren*, 610 F.2d 680, 685 (9th Cir. 1980)) (alterations in original). Therefore, the state sentencing judge could not waive any right to maintain primary custody and jurisdiction over Petitioner. Additionally, pursuant to the Supremacy Clause, a state court cannot require a federal court or BOP judgment to run concurrently with a state court judgment. *See Barden v. Keohane*, 921 F.2d 476, 478 n.4 (3d Cir. 1990) ("[N]either the federal courts nor the [BOP] are bound in any way by the state court's direction that the state and federal sentences run concurrently."); *accord Trowell v. Beeler*, 135 Fed.Appx. 590, 593-94 (4th Cir. 2005). Furthermore, there is no reason that the federal judge would have ordered Petitioner's sentences to run concurrently with the state sentence because the state sentence had not been entered when the federal judge issued his sentence. *See Luther v. Vanyur*, 14 F. Supp. 2d 773 (E.D.N.C.1997) (stating, "[a] federal court would have no reason to order a federal sentence to run concurrently or consecutively unless the imposition of the federal sentence is subsequent to the imposition of the state sentence").

Petitioner next contends that he should receive credit for the time he served between September 14, 2005, and June 29, 2007.(Dkt. No.1). However, 18 U.S.C. § 3585(b) prohibits the application of any prior custody credit toward a federal sentence that has already been applied to a state sentence. Thus, pursuant to 18 U.S.C. § 3585(b), prior custody credit cannot be granted if the prisoner already received credit toward another sentence. *See United States v. Brown*, 977 F.2d 574 (4th Cir. 1992). Petitioner received credit on his state sentence for all the time he was held in pre-trial detention after his federal offense, (Dkt. No 21-1) therefore his federal sentence has been computed correctly.

## CONCLUSION

After a thorough review of the record, magistrate judge's Report and Recommendation, and the relevant case law, this Court finds that the magistrate judge applied sound legal principles to the facts of this case. Therefore, this Court adopts the magistrate judge's Report and Recommendation and the Respondent's motion to dismiss is **GRANTED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 21, 2011
Charleston, South Carolina